**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------

| | | |
|---|---|---|
| MARILYN GROSS | : | |
| 461 Harmony Way | : | CIVIL NO. _____ |
| Monroe Township, NJ 08831 | : | |
| | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | |
| TRIS PHARMA, INC. | : | |
| 2031 US Highway 130 | : | |
| Monmouth Junction, NJ 08852 | : | |
| Defendant. | : | |

---------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Marilyn Gross ("Plaintiff"), by and through her undersigned attorneys, brings this action against her prior employer, Tris Pharma, Inc. ("Defendant") and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this action to redress violations by the Defendant of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1, *et seq.*

## PARTIES

2.      Plaintiff, Marilyn Gross, is a citizen of New Jersey who presently maintains a residence at 461 Harmony Way, Monroe Township, NJ 08831.

3.      Upon information and belief, Defendant, Tris Pharma, Inc. is a business entity organized and existing under the laws of the state of New Jersey, with a place of business located at 2031 US Highway 130, Monmouth Junction, NJ 08852.

## JURISDICTION AND VENUE

4.      Paragraphs 1 through 3 are hereby incorporated by reference as though the same were more fully set forth at length herein.

5.      On or about February 6, 2020, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e).  Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2020-02297.  Plaintiff's EEOC Charge was filed within three hundred (300) days of the unlawful employment practice.

6.      By correspondence dated August 10, 2020, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

7.      Plaintiff filed the instant action within the statutory time frame applicable to her claims.

8.      Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintain this action.

9.      This action is authorized and instituted pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11.     This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative fact as her federal claims.

12.     The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant resides in this District, doing business therein, and the events giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

13.     Paragraphs 1 through 12 are hereby incorporated by reference as though the same were more fully set forth at length herein.

14.     On or around November 30, 2015, Plaintiff began her employment with Defendant in the position of Product Manager, Professional Medical Education.

15.     At all times material hereto, Plaintiff's date of birth is March 1, 1952, and she is currently sixty-eight (68) years old.

16.     Over the course o her employment, Plaintiff received no justifiable discipline.

17.     By way of background, Plaintiff began suffering from hip discomfort in or around 2017.

18.     In or around July 2019, Plaintiff's hip pain worsened, which required her to see an orthopedic doctor on or about July 25, 2019.

19.     On or around July 25, 2019, Plaintiff informed Thomas Curatolo, Chief Commercial Officer, and Michelle Perlman, Plaintiff's direct supervisor, that a routine x-ray had shown  an abnormality, possibly a tumor, that would require further testing and probably surgery too.

20.     Plaintiff showed both Mr. Curatolo and Ms. Perlman the x-ray and further communicated to Mr. Curatolo that Plaintiff had a follow up appointment scheduled for July 30, 2019.

21.    On or around July 31, 2019, Mr. Curatolo asked Plaintiff what happened at her appointment, and she informed him that she still required additional testing.

22.    Suspiciously, on or around August 1, 2019, Mr. Curatolo informed Plaintiff that Defendant was terminating her employment.

23.    Mr. Curatolo explained to Plaintiff that Defendant was laying her off and combining her position as Product Manager, Professional Medical Education with a position that required proficiency in social media.

24.    However, Mr. Curatolo did not ask Plaintiff about her background in social media and did not offer her any training.

25.    Further, the job posting did not have social media proficiency as a requirement.

26.    Instead, Defendant offered Plaintiff a secretarial position at less than half of her current salary.

27.    When Plaintiff refused the demotion, Mr. Curatolo place a severance agreement in front of her which Mr. Curatolo pressured her to sign immediately.

28.    Nonetheless, Plaintiff refused to sign the severance agreement that day.

29.    It should be noted that upon information and belief, Plaintiff was the only individual terminated during Defendant's alleged "restructuring."

30.    Upon further information and belief, subsequent to Plaintiff's termination, Defendant hired a less qualified and less experienced individual to replace Plaintiff who was approximately thirty-nine (39) years old.

31.    It is further believed and therefore averred that Defendant terminated Plaintiff in retaliation for encouraging an employee of Defendant to lodge a good faith complaint of sexual orientation discrimination in violation of the LAD.

4

32.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101,** *et seq.*
**DISCRIMINATION AND RETALIATION**

33.     Paragraphs 1 through 32 are hereby incorporated by reference as though the same were fully set forth at length herein.

34.     At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

35.     Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

36.     Plaintiff's hip discomfort constitute a disability within the meaning of the ADA in that it substantially impairs her ability to engage in major life activities.

37.     Despite her disabilities, Plaintiff would have been able to perform the essential function of her job with or without a reasonable accommodation, including, but no limited to, doctor's appointments.

38.     By reasons of the foregoing, Defendant, through its agents, officers, servants and/or employees, has violated the ADA discriminating Plaintiff on the basis of her disability and/or regarding her as disabled in light of her scans and need for a future surgery and by terminating Plaintiff's employment on the basis of her actual and/or perceived disability and in retaliation for her request for a reasonable accommodation in connection thereto.

39.     Additionally, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff in retaliation for her request for a reasonable accommodation as well as her complaints in connection thereto.

40.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive and/or compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

C.     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.     Pre-judgment interest in an appropriate amount; and

E.     Such other and further relief as is just and equitable under the circumstances.

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT II**
**THE NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A. § 10-5:1, *ET SEQ.***
**DISCRIMINATION AND RETALIATION**

41.     Paragraphs 1 through 40 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

42.     Pursuant to the LAD, Plaintiff is a qualified individual with a disability.

43.     Plaintiff requested a reasonable accommodation, in connection with her disability to accommodate her doctor's appointments.

44.     Furthermore, Plaintiff alleges Defendant regarded Plaintiff as being disabled when it learned about her potential tumor in her most recent scan and need for a future surgery.

45.     In this regard, Defendant discriminated Plaintiff on the basis of her actual disability and/or regarded Plaintiff as disabled, for her requests for reasonable accommodations by targeting her with discriminatory treatment and ultimately, terminated her employment.

46.     Additionally, Defendant retaliated against Plaintiff for requesting a reasonable accommodation in connection to her disability.

47.     Defendant, through its agents, officers, servants and/or employees, violated the LAD by terminating Plaintiff's employment because of her actual disability and/or regarded Plaintiff as disabled, and in retaliation for her request for accommodation in connection thereto.

48.     As a result of Defendant's deliberate, unlawful, and malicious actions set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earning potential, other significant economic benefits, emotional pain and suffering emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

(A)    Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

(B)    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton and/or malicious conduct;

(C)    Plaintiff's costs, disbursements and attorney's fees incurred in prosecuting this action;

(D)    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

(E)    Pre-judgment interest in an appropriate amount; and

(F)    Such other and further relief as is just and equitable under the circumstances.

## COUNT III
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. § 621, et seq.
## DISCRIMINATION

49.    Paragraphs 1 through 48 are hereby incorporated by reference as though the same were fully set forth at length herein.

50.    Defendant employed at least twenty (20) employees throughout its various office locations at all times material hereto.

51    At all times material hereto, Plaintiff was born on March 1, 1952.

52.    Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her age, being above the age of forty (40) years old at the time of the unlawful discrimination.

53. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

54. Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, inter alia, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

E. Pre-judgment interest in an appropriate amount; and

F. Such other and further relief as is just and equitable under the circumstances.

**COUNT IV**
**THE NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A. § 10:5-1, *et seq.***
**DISCRIMINATION - AGE**

55. Paragraphs 1 through 54 are hereby incorporated by reference as though the same were more fully set forth at length herein.

56. At all times relevant hereto, Plaintiff was an employee within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq*.

57.     Pursuant to the LAD, Defendant unlawfully and illegally discriminated against Plaintiff on the basis of her age at the time of her termination, sixty-seven (67).

58.     Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

59.     Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

60.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

61.     As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the LAD.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B.     Compensatory, exemplary, and/or punitive damages;

C.     Pre-judgment interest in an appropriate amount; and

D.     Such other and further relief as is just and equitable under the circumstances;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By:      _/s/Preeya Bansal_____
         Preeya Bansal, Esquire
         Michael Murphy, Esquire
         Eight Penn Center, Suite 1803]
         1628 John F. Kennedy Blvd.
         Philadelphia, PA 19103
         TEL: 267-273-1054
         pbansal@phillyemploymentlawyer.com
         murphy@phillyemploymentlawyer.com
         Attorney for Plaintiff

Dated: November 2, 2020

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.